UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-CV-11335

| | |
|---|---|
| MARIE BAPTISTE and MITCHELL MATORIN<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>and EXECUTIVE OFFICE OF HOUSING<br>AND ECONOMIC DEVELOPMENT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(b), Plaintiffs, Marie Baptiste and Mitchell Matorin move this Court for an order preliminarily enjoining the applicability and enforcement of the *Act Providing for a Moratorium on Evictions and Foreclosures during the COVID-19 Emergency*, codified at Chapter 65 of the Acts of 2020 (the "Act"), and the regulations promulgated thereunder, codified at 400 C.M.R. 5.0: COVID-19 Emergency Regulations ("Regulations").

As grounds for this Motion, the Plaintiffs state:

1. Plaintiffs are likely to succeed on the merits of showing the Act is unconstitutional in violation of their constitutional rights. As fully set forth in the accompanying Memorandum of Law, the Act violates the following four separate constitutional rights of the Plaintiffs: (1) the right to petition the judiciary; (2) the right of free speech under the First Amendment; (3) the right to just compensation for an unlawful taking of their property under the Fifth Amendment; and (4) is an unconstitutional impairment of their leases under the Contracts

Clause.

2. Baptiste and Matorin (and all other rental housing providers similarly situated) are suffering and will continue to suffer irreparable harm if the Act is not preliminarily enjoined and ultimately struck down. In addition to the numerous constitutional violations asserted and established by the Plaintiffs, the state has eviscerated the core remedy in their leases for non-payment – the right to evict. Yet, they remain obligated to pay their mortgages, real estate taxes, insurance, and water/sewer used by non-paying tenants, and to maintain their properties in compliance with the state sanitary code, while being deprived of the revenue required to do those things. With the Governor having the unfettered right to extend the Act for unlimited 90-day periods and ongoing legislative efforts to extend the moratorium for a full year or longer, this one-sided obligation and burden will continue indefinitely. Many small rental property owners, especially those on fixed income rely on rents to afford to live in their own homes. The Act poses an immediate and ongoing existential threat to rental property owners.

3. The public interest favors striking down and enjoining this facially unconstitutional statute and regulations. Fundamental constitutional rights are not quarantined even during a global pandemic.

4. The factual and legal bases for injunctive relief are more fully set forth in the Verified Complaint, Affidavits of Marie Baptiste and Mitchell Matorin, and the Memorandum of Law In Support of the Plaintiffs' Motion for Preliminary Injunction, which is filed herewith and incorporated herein.

WHEREFORE, this Court should enter a preliminary injunction enjoining the applicability and enforcement of the *Act Providing for a Moratorium on Evictions and Foreclosures during the COVID-19 Emergency*, codified at Chapter 65 of the Acts of 2020 (the

"Act"), and the regulations promulgated thereunder, codified at 400 C.M.R. 5.0: COVID-19 Emergency Regulations ("Regulations").

        **MARIE BAPTISTE and MITCHELL MATORIN**
        By their attorneys,

        _/s Richard D. Vetstein_____
        Richard D. Vetstein, BBO #637681
        Vetstein Law Group, P.C.
        945 Concord Street
        Framingham, MA 01701
        Tel: (508) 620-5352
        rvetstein@vetsteinlawgroup.com

        /s/ Jordana R. Greenman
        Jordana R. Greenman, Esq.
        BBO# 667842
        134 Main Street
        Watertown, MA 02472
        Tel: 617-379-6669
        jordana@jrglegal.com

**Dated: July 15, 2020**