UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE BAPTISTE and <br> MITCHELL MATORIN, <br>     Plaintiffs, <br><br>     v. <br><br> COMMONWEALTH OF MASSACHUSETTS <br> and EXECUTIVE OFFICE OF <br> HOUSING AND ECONOMIC <br> DEVELOPMENT, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )   C.A. No. 1:20-cv-11335-MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                          July 21, 2020

Defendants' July 20, 2020 Notice Regarding No Entry of a Preliminary Injunction in State Case indicates that Assistant Attorney General Richard Weitzel is among the attorneys representing them. Mr. Weitzel was one of my law clerks in 1995-96.

Mr. Weitzel's participation in this case as a lawyer does not raise a question of whether I have a personal bias or prejudice against a party that would require my disqualification under 28 U.S.C. §455(b).

28 U.S.C. §455(a) states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." I described the standards generally applicable to recusal under §455(a) in <u>United States v. Sampson</u>, 148 F. Supp. 3d 75, 79-80, 85-88 (D. Mass. 2015).

The appearance of a former law clerk before a judge does not ordinarily require recusal under §455(a). As the First Circuit has recognized, "[i]t is common knowledge in the profession that former law clerks practice regularly before judges for whom they once clerked." In re Martinez-Catala, 129 F.3d 213, 221 (1st Cir. 1997). Courts, however, often impose their own prophylactic rules that forbid a former law clerk from appearing in that court for a year or more after the clerkship. Id. For example, the United States Supreme Court prohibits former law clerks from participating in any case before it within two years of the termination of their employment. See Rule 7, Rules of the Supreme Court of the United States (July 2019). The Court of Appeals for the First Circuit prohibits former law clerks from practicing or appearing before it for one year following their separation. See Local Rule 46.0(e), Rules of the First Circuit (Jan. 2020). These rules, as well as the Code of Conduct for Judicial Employees, however, require the disqualification of the former clerk, rather than the judge, if they are violated. See Guide to Judiciary Policy, Vol. 2A, Ch. 3, Code of Conduct for Judicial Employees, Canon 4(D). A one or two-year disqualification of the former clerk, rather than the judge he or she served, is the practice of many federal courts. See United States v. Hollister, 746 F.2d 420, 425

(8th Cir. 1984) (citing A. DiLeo & A. Rubin, Law Clerk Handbook 57 (1977)).

As my clerks are informed, I require that they do not appear before me for two years after the conclusion of their clerkship. Mr. Weitzel's clerkship ended about 25 years ago.

Since the conclusion of Mr. Weitzel's clerkship I have seen him occasionally in my chambers and at reunions of my clerks. I have also given him, among many others, career advice, including within the past year recommending that he return to work for the Attorney General after many years in the private sector. I do not now believe that such contacts would cause, or contribute to causing, a reasonable person to question my impartiality in this case. As the Seventh Circuit has written:

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges. Many well-qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases. Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.

United States v. Murphy, 768 F.2d 1518, 1537-38 (7th Cir. 1985) (citing cases).

(8th Cir. 1984) (citing A. DiLeo & A. Rubin, Law Clerk Handbook 57 (1977)).

As my clerks are informed, I require that they do not appear before me for two years after the conclusion of their clerkship. Mr. Weitzel's clerkship ended about 25 years ago.

Since the conclusion of Mr. Weitzel's clerkship I have seen him occasionally in my chambers and at reunions of my clerks. I have also given him, among many others, career advice, including within the past year recommending that he return to work for the Attorney General after many years in the private sector. I do not now believe that such contacts would cause, or contribute to causing, a reasonable person to question my impartiality in this case. As the Seventh Circuit has written:

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges. Many well-qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases. Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.

United States v. Murphy, 768 F.2d 1518, 1537-38 (7th Cir. 1985) (citing cases).

In view of the foregoing, I do not now perceive a basis for Mr. Weitzel's disqualification or mine pursuant to 28 U.S.C. §455(a) or (b).

Accordingly, it is hereby ORDERED that, by July 27, 2020, the parties shall confer and report: (a) whether they believe my disqualification is required pursuant to 28 U.S.C. §455(a) and/or (b); whether they believe Mr. Weitzel's disqualification is required; and, in any event, (c) whether they wish to waive any §455(a) ground for my disqualification relating to Mr. Weitzel, pursuant to §455(e). If the parties wish to question me about this matter, they shall so state in their reports, and they will be allowed to defer responding to the foregoing questions until they are discussed at a hearing in this case.

UNITED STATES DISTRICT JUDGE