# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MARIE BAPTISTE and MITCHELL
MATORIN,

                     Plaintiffs,

        v.

COMMONWEALTH OF MASSACHUSETTS
and EXECUTIVE OFFICE OF HOUSING AND
ECONOMIC DEVELOPMENT,

                     Defendants.

C.A. No. 1:20-CV-11335-MLW

## DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY

Pursuant to Fed. R. Civ. P. 12(b), Defendants Commonwealth of Massachusetts and the Executive Office of Housing and Economic Development ("EOHED") (collectively "Commonwealth") move to dismiss this case or, in the alternative, to stay it.  As grounds for their Motion, Defendants assert that Plaintiffs bring this suit to challenge the Commonwealth's COVID-related eviction-moratorium statute, 2020 Mass. Acts ch. 65 ("Act"), as well as Emergency Regulations promulgated pursuant to it, arguing that the Act and the Regulations violate their rights under several provisions of the United States Constitution.

This case should be dismissed in its entirety, however, because the named defendants are state government entities that are wholly immune from suit in this Court under the Eleventh Amendment, regardless of the relief sought.  Even were proper defendants before the Court, the First Amendment Free Speech Clause claims in Counts II and III must be dismissed because the Plaintiffs lack standing to bring them, and the request for monetary relief under Count V's Taking Clause claim must dismissed as well, because the Eleventh Amendment still would bar it.

If the Court were not to dismiss all of the case on the grounds recited above, then the

Court should dismiss the case or, in the alternative, stay it based on abstention principles

articulated by the United States Supreme Court, including in particular in *Wilton v. Seven Falls

Co.*, 515 U.S. 277 (1995), since these Defendants and one of the Plaintiffs are already engaged in

a parallel proceeding in the Massachusetts Superior Court, *Matorin, et al. v. Commonwealth of

Massachusetts, et al.,* No. 2084-CV-01334 (Suffolk Super. Ct.).

For further elaboration on these grounds and the development of several related ones, the

Defendants respectfully refer the Court to their accompanying Memorandum of Law, submitted

herewith.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Jennifer E. Greaney*
Jennifer E. Greaney (BBO No. 643337)
*Assistant Attorney General*
Pierce O. Cray (BBO No. 104630)
*Senior Appellate Counsel*
Richard S. Weitzel (BBO No. 630303)
*Assistant Attorney General*
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2981

DATED: July 24, 2020         Jennifer.Greaney@mass.gov
Pierce.Cray@mass.gov
Richard.Weitzel@mass.gov

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with counsel for Plaintiffs on June 22, 2020, by telephone and attempted in good faith to narrow or resolve the issues that form the basis for this motion. After conferring, we were unable to narrow or resolve the issues presented.

*/s/ Jennifer E. Greaney*
Jennifer E. Greaney
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Richard S. Weitzel*
Richard S. Weitzel
Assistant Attorney General