# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE BAPTISTE, MITCHELL MATORIN, and JONATHAN DAPONTE<br><br>Plaintiffs,<br><br>v.<br><br>MIKE KENNEALY, in his official capacity as Secretary of the EXECUTIVE OFFICE OF HOUSING AND ECONOMIC DEVELOPMENT, and CHARLES BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts,<br><br>Defendants. | C.A. No. 1:20-CV-11335-MLW |

## DEFENDANTS' MOTION TO DISMISS COUNTS II, III, AND V OF THE AMENDED COMPLAINT PURSUANT TO RULE 12

Pursuant to Fed. R. Civ. P. 12(b)(1) & (6), Defendants Secretary of the Commonwealth of Massachusetts's Executive Office of Housing and Economic Development ("EOHED") and Governor of Massachusetts (collectively, "Commonwealth") hereby move to dismiss Counts II, III, and V of the Amended Complaint dated August 11, 2020 (Dckt. 58).[1] As grounds for its

---

[1] In its August 13, 2020 Order (Dckt. 64), the Court directed that any new motion seeking dismissal of the Amended Complaint omit abstention arguments, which arguments have been asserted in and continue to be litigated in: (1) the Defendants' Motion to Dismiss, or, In the Alternative, to Stay the original Complaint (Dckt. 26); (2) the Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Or, In the Alternative, To Stay (Dckt. 27); and (3) the Defendants' Reply to Plaintiffs' Memorandum In Opposition to Defendants' Motion to Dismiss, Or, In the Alternative, To Stay, which is being filed herewith. Because the Commonwealth's already-pending motion to dismiss or stay seeks dismissal on abstention grounds of all five of Plaintiffs' counts (as asserted in both the original Complaint and the Amended Complaint), the Commonwealth has fulfilled its present obligations under Fed. R. Civ. P. 12 and 15 to respond to all counts of the Amended Complaint.

Motion, and as more fully developed in its accompanying Memorandum of Law, the Commonwealth asserts that:

1. Plaintiffs' Count II, for violation of the Free Speech Clause of the First Amendment, fails to state a claim because, as a matter of law, the Massachusetts Legislature's Act Providing for a Moratorium on Evictions and Foreclosures During the COVID-19 Emergency, codified at St. 2020, c. 65, (the "Act") does not restrain "speech" for purposes of the First Amendment.  Instead, the Act restrains landlords from engaging in certain legally operative *acts* – specifically: (i) terminating a tenancy "for the purposes of a non-essential eviction for a residential dwelling unit" and (ii) sending a legally operative notice to quit for the same purpose. *See* St. 2020, c. 65, §3(i) & (ii).  Because the Act does not restrain "speech," but instead restrains only certain legally operative verbal actions, the Plaintiffs have not stated a claim upon which relief can be granted under the Free Speech Clause of the First Amendment, and Count II of the Amended Complaint must be dismissed.

2. Count V of the Amended Complaint, brought under the Fifth Amendment's Takings Clause, must be dismissed because:

(i) to the extent Count V seeks "just compensation" for a "taking" of Plaintiffs' property (see Amended Complaint (Dckt. 58) at ¶ 86), it is barred by the Eleventh Amendment[2]

---

[2] Notwithstanding the Commonwealth's assertion of an Eleventh Amendment defense to the Plaintiffs' claim for "just compensation" under the Fifth Amendment, the Amended Complaint continues to plead just such a claim in its Paragraph 86, which states:  "As a result of the taking effected by the Act, the Plaintiffs are also entitled to 'just compensation,' and all damages allowed by law."  (Dckt. 58 at ¶86) Plaintiffs Matorin and Baptiste have, however, removed their claim for "just compensation" from their specific Requests for Relief.  (Dckt. 58 at pp. 23-25)  Because of this internal inconsistency in the Amended Complaint, during a conference pursuant to Local Rule 7.1(a)(2) initiated by the Commonwealth's counsel and held on August 17, 2020, the Commonwealth's counsel specifically asked the Plaintiffs' counsel whether the Plaintiffs are pressing a monetary damages claim for "just compensation."  Later in the day, the Plaintiffs' counsel confirmed by e-mail that the Plaintiffs are indeed pressing a monetary damages claim in this Court against the Commonwealth pursuant to Count V of the Amended Complaint.

for the reasons already asserted in both the Commonwealth's original Motion to Dismiss, or, In the Alternative, to Stay (Dckt. 26) ("Original MTD") and its Memorandum of Law in Support of Defendants' Motion to Dismiss Or, In the Alternative, To Stay (Dckt. 27, pp. 6-7) ("MTD Memo"), and, additionally, for all the reasons asserted in its Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, or, In the Alternative, To Stay ("Reply in Support of MTD"), which is filed herewith, at pp. 2;

(ii) to the extent Count V seeks an injunction or declaratory judgment in connection with the Plaintiffs' Taking Clause claim, it is barred by the Supreme Court's June 2019 decision in *Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162, 2175-76 (2019), holding that equitable relief (including injunctive relief) is not available on a Fifth Amendment Takings Clause claim where "just compensation remedies to property owners who have suffered a taking" are available – as is the case in Massachusetts pursuant to Mass. G.L. c. 79 and Art. 10 of the Declaration of Rights.

(iii) as to Plaintiff Matorin, Count V must be dismissed pursuant to the prior pending action doctrine for all of the reasons described in the MTD Memo (Dckt 27) at p. 11, n.8, and re-asserted in the Commonwealth's Reply in Support of MTD at p. 7.

3. Count III of the Amended Complaint, asserting a "coerced speech" claim in violation of the First Amendment's Free Speech Clause, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because all three of the Plaintiffs (including newly added Plaintiff Jonathan DaPonte) lack standing to pursue it, for all the reasons already asserted in the MTD (Dckt. 26), and Memo in Support of MTD (Dckt. 27) at pp. 7-8, 10-11, and, additionally, for all the reasons set forth in the Reply in Support of MTD, filed herewith, at pp. 4-6.

4. The Defendants file herewith and incorporate fully herein their new Memorandum in Support of Motion to Dismiss Counts II, III, and V of the Amended Complaint Pursuant to

Rule 12(b) in support of this Motion ("New Memo").  Because the Court, in its August 13, 2020 Order (Dckt. 64), required the Commonwealth to address in its Reply in Support of MTD "whether the Amended Complaint renders their request to dismiss moot," the Commonwealth has included in that document ample argument as to bases for dismissal that were already asserted in its MTD (Dckt. 26), including argument that addresses the specific allegations in the Amended Complaint.  In the interests of efficiency and judicial economy, the Defendants do not elaborate on in their New Memo any of the bases for dismissal already addressed in their original MTD Memo or in their Reply in Support of MTD.  Instead, the New Memo addresses only the following: (1) the Plaintiffs' failure to state a claim in Count II of the Amended Complaint, because the acts as to which they claim prior restraint are not "speech," and (2) the unavailability of injunctive or declaratory relief on Plaintiffs' Count V under *Knick*, 139 S. Ct. 2162.

5. To be clear, however, in addition to moving to dismiss of Counts II and V for the reasons stated in the New Memo, the Commonwealth also moves herein for dismissal (and/or renews its prior MTD) on: (1) its Eleventh Amendment defense to Count V, only to the extent it seeks monetary relief, as against all Plaintiffs, including DaPonte; (2) its standing defense to Count III as against all Plaintiffs, including DaPonte; (3) its prior pending action defense to Plaintiff Mitchell Matorin's assertion of a Takings Clause claim in this Court while simultaneously pursuing a takings claim under the Massachusetts Declaration of Rights in State Court (pertaining to precisely the same real property); and (4) its abstention arguments, which pertain to all Plaintiffs, including DaPonte, and to all counts of the Amended Complaint.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local R. 7.1(d), the Defendants request oral argument on the instant motion and assert that argument would be of assistance to the Court, especially considering that the argument as to Count V elaborated upon in the New Memo involves a one-year-old development in Supreme Court jurisprudence on the law of the Takings Clause.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MAURA HEALEY<br>ATTORNEY GENERAL |
|  | */s/ Jennifer E. Greaney*<br>Jennifer E. Greaney (BBO No. 643337)<br>*Assistant Attorney General*<br>Pierce O. Cray (BBO No. 104630)<br>*Senior Appellate Counsel*<br>Richard S. Weitzel (BBO No. 630303)<br>*Assistant Attorney General*<br>Government Bureau<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 963-2981 |
| DATED:  August 18, 2020 | Jennifer.Greaney@mass.gov<br>Pierce.Cray@mass.gov<br>Richard.Weitzel@mass.gov |

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with counsel for Plaintiffs on August 17, 2020, by telephone and attempted in good faith to narrow or resolve the issues that form the basis for this motion.  After conferring, we were unable to narrow or resolve the issues presented.

>*/s/ Jennifer E. Greaney*
>Jennifer E. Greaney
>Assistant Attorney General

## CERTIFICATE OF SERVICE

      I certify that this document, filed through the Court's ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

      */s/ Jennifer E. Greaney*
      Jennifer E. Greaney
      Assistant Attorney General

DATED: August 18, 2020