UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIE BAPTISTE, MITCHELL MATORIN,
and JONATHAN DAPONTE,

Plaintiffs,

v.

C.A. No. 1:20-cv-11335-MLW

MIKE KENNEALY, in his official capacity as
Secretary of the EXECUTIVE OFFICE OF
HOUSING AND ECONOMIC
DEVELOPMENT, and CHARLES BAKER,
in his official capacity as Governor of the
Commonwealth of Massachusetts,

Defendants.

## AFFIDAVIT OF ANNETTE DUKE

I, Annette Duke, do hereby declare as follows:

1. I am a Staff Attorney in the Housing Unit at Massachusetts Law Reform Institute (MLRI), a statewide poverty law and support center in Massachusetts that engages in multi-forum advocacy—including impact litigation, legislative and administrative advocacy, community education through trainings and publications, and community lawyering—in order to educate the public and policymakers on issues affecting low-income people.

2. I have worked at MLRI since 1989, during which time my work has principally focused on tenants' rights, public and subsidized housing, and court reform.  I have authored, co-authored, and/or edited numerous publications on these themes, most prominently *Legal Tactics: Tenants' Rights in Massachusetts*, a comprehensive handbook published by Massachusetts Continuing Legal Education (MCLE) that is in its 8th edition.

3. My role with MLRI also involves supervision and coordination of research on evictions in Housing Court and District Court.

4. In this capacity, I oversaw an analysis of all summary process filings in the Housing Court Department in 2011 and 2014, in total 54,528 cases.  Using public information from MassCourts,[1] we assessed the median amount of time it takes cases to move from filing a summary process case to a disposition, the typical case outcomes, and the percentage of tenants and landlords who had representation.  This analysis presents the broad trends

---

[1] MassCourts is the tracking system used by the Massachusetts Trial Court to track cases.

1

available through the survey of available housing court data.  *See* Massachusetts Law Reform Institute, *Updated Review of Summary Process Actions in Housing Courts Statewide in 2011 and 2014* (April 25, 2016), accessible at https://www.masslegalservices.org/content/review-summary-process-actions-housing-courts-statewide-2011-and-2014.

5.   Our analysis found that the vast majority of eviction actions filed in the Housing Court move quickly from the time that an eviction is filed to when the court issues a disposition.[2]  This finding is consistent with previous studies I had overseen in my position at MLRI.

6.   In particular, based on this study, the median length of an eviction proceeding from filing to the entry of a disposition (including a default, dismissal, agreement, or judgment after trial on the merits) was 16 days in 2011 and 15 days in 2014.  In most cases, 84 percent of them in 2011 and 86 percent in 2014, the court issued a disposition in 30 days or less.  By 45 days from the date of filing, the court issued a disposition in 90 percent of cases in 2011 and 92 percent of cases in 2014.[3]

7.   The chart below provides, by year, the total number of summary process cases filed, and the time from the filing of the case to entry of a disposition:

|  | 2011 | 2014 |
|---|---|---|
| **Total Summary Process Filings** | 26,648 | 27,880 |
| **Median** | **16 Days**<br><br>14,871 cases<br><br>55% of total | **15 Days**<br><br>14,462 cases<br><br>51% of total |
| **30 Days or less** | 22,470 cases<br><br>84% of total | 23,887 cases<br><br>86% of total |
| **45 Days or less** | 24,009 cases<br><br>90% of total | 25,534 cases<br><br>92% of total |

---

[2] One limitation to the MassCourts data is that in the disposition field only the first disposition is recorded for each case, but there may be subsequent dispositions in that case.  For example, a tenant's default judgment might later be replaced by an agreement, but only the initial default would appear in the MassCourts data in the disposition field.  The MassCourts data is thus most helpful for broad trends, which was the focus of this report.

[3] These figures are broadly consistent with a survey, also of 2014 case data from a smaller cross-section of Housing Courts and several District Courts for cases filed between January and October 2014, by MassLandlords, a statewide landlord trade group.  *See* Douglas Quattrochi, *Summary Process Judgments in Massachusetts* (March 15, 2016), https://masslandlords.net/policy/eviction-study-for-massachusetts-part-one/(median case length of all cases with a disposition date was 16 days).

8. Our analysis showed a striking number of tenant defaults, with approximately one-quarter of the cases each year ending in a default judgment against the tenant, based on information available in the "disposition" field.  In 2011, 26 percent (7,003 cases) of summary process cases resulted in a tenant default.  In 2014, 24 percent (6,746 cases) of summary process cases resulted in a tenant default.

9. Our analysis of data in the MassCourts "judgment" field showed that nearly 60 percent of the total cases filed resulted in a judgment.[4]  Specifically, in 2011, 58 percent (15,564 cases) resulted in a judgment, and in 2014, 58 percent (16,117 cases) resulted in a judgment.  Of the cases that resulted in a judgment, the judgment was for the landlord 93 percent of the time for both 2011 and 2014 cases.

10. In our analysis, we additionally identified the percentage of tenants and landlords who had legal representation in the summary process proceeding.  In 2011, 61 percent of landlords were represented by lawyers, compared to 7 percent of tenants.  In 2014, 62 percent of landlords were represented by lawyers, compared to again 7 percent of tenants.

11. Housing Court data around summary process actions provide valuable information regarding many of the evictions that take place in the Commonwealth.  However, it should be noted that there are limitations to these data in that they do not take into account either tenants who simply leave following a notice-to-quit, or those who leave after being pressured in various ways by landlords, even in the absence of a commenced summary process action.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August  18, 2020.

/s/ Annette Duke
Annette Duke

---

[4] The MassCourts site has a separate field for judgment and for disposition.  Because of variations in how data in entered, while these two fields do not always align, they are helpful to understand broad trends in summary process cases.

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).


August 18, 2020

*/s/ Jennifer E. Greaney*
Jennifer E. Greaney
Assistant Attorney General