UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIE BAPTISTE, <br> MITCHELL MATORIN, and <br> JONATHAN DAPONTE, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE KENNEALY, in his official capacity as <br> Secretary of the EXECUTIVE OFFICE OF <br> HOUSING AND ECONOMIC DEVELOPMENT, <br> and CHARLES BAKER, in his official capacity as <br> Governor of the Commonwealth of Massachusetts, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 1:20-cv-11335-MLW |

**MLPB'S (F/K/A MEDICAL LEGAL PARTNERSHIP | BOSTON), A FISCALLY SPONSORED PROGRAM OF TSNE MISSIONWORKS, MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**

**I.     Introduction**

MLPB (formerly known as Medical Legal Partnership | Boston), a fiscally sponsored program of TSNE MissionWorks, respectfully moves this Court for leave to participate in this case as *amicus curiae* by filing the attached brief (Ex. A).  MLPB is a non-profit program with a strong interest in advancing public health in Massachusetts, especially where threats to public health will disproportionately impact low-opportunity communities.  MLPB believes that the relief proposed by Plaintiffs in this case – termination of the Commonwealth's eviction moratorium – would likely precipitate a serious public health crisis by undermining the ability of evicted tenants to maintain the social distancing that is essential to public health efforts to control the spread of COVID-19 in Massachusetts.  While Defendants' own filings have forcefully articulated public health justifications for maintaining the moratorium, those filings do not include the kind of extensive citation to public health research and economic data that are

1

included in MLPB's proposed brief. MLPB therefore believes that its brief would benefit the Court by providing it with a basis for identifying detailed quantitative legislative facts in support of the public health justification for the moratorium.

## II. Statement of Interest of MLPB

MLPB is a non-profit program with a mission to equip healthcare, public health, early childhood, and human service workforces with legal problem-solving strategies that meet people's health-related social needs and improve social determinants of health. Leveraging its public interest law expertise, MLPB advances health equity for individuals, families, and communities. In Massachusetts, most of MLPB's partners are organizations who together bear responsibility for delivery of quality care to hundreds of thousands of residents.[1] MLPB is a fiscal sponsee of TSNE MissionWorks, a 501(c)(3) incorporated in Massachusetts that seeks to create a just and democratic society. MLPB is deeply concerned that the relief requested by Plaintiffs – termination of the present eviction moratorium – will exacerbate transmission of SARS-CoV-2, COVID-19 morbidity and mortality, and related health disparities and inequities in the Commonwealth. MLPB therefore seeks to participate in this matter as *amicus curiae* to provide the Court with relevant medical, public health and economic information, not otherwise referenced in Defendants' briefing, that may assist the court in evaluating the negative public health consequences of lifting the eviction moratorium, and thus provide additional basis for the public interest in maintaining that moratorium.

---

[1] While MLPB is not an agent of these organizations and does not speak for them, our stakeholders understand the multiple drivers of public health.

### III. MLPB's Proposed Amicus Brief Will Assist the Court by Providing Detailed Scientific and Economic Legislative Facts Supporting the Conclusion that the Challenged Eviction Moratorium is a Legitimate Exercise of the Commonwealth's Police Power to Protect Public Health

This Court has the inherent authority and discretion to permit the participation of amici. *See Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n. 1 (D. Mass. June 21, 2006) (granting an amicus leave to file an amicus brief, noting while "no procedural rule provides for filing of amicus briefs in federal district court, courts have inherent authority and discretion to appoint amici" and citing references); *see also Steinmetz v. Coyle & Caron, Inc.*, 2016 WL 4074135, at *2 n.1 (D. Mass. July 29, 2016) (granting the American Civil Liberties Union leave to file an amicus brief in a case challenging the constitutionality of Massachusetts' anti-SLAPP statute). As the Court instructed in its August 5 order, proposed amici should move to file an amicus brief and attach the proposed brief "if they believe that there are one or more material issues that defendants are not raising or advocating adequately." (D.I. 50.) For the reasons articulated below, MLPB submits its proposed amicus brief as Exhibit A to this motion and identifies the issues below that are not fully covered by the Defendants' submissions.

MLPB is submitting its amicus brief to provide the Court with relevant legislative facts that provide appropriate context for this Court to evaluate the constitutionality of the challenged legislation. The facts MLPB provides in its brief constitute "legislative facts," or "those [facts] which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." FED. R. EVID. 201 advisory committee's note; *see also* 1 FEDERAL EVIDENCE § 2:12 (4th ed.) (describing "legislative facts" as "[t]he facts considered by a court in the course of making legal interpretations," and noting that the court may notice "many matters bearing on the [statutory or constitutional] issue, including legislative history, empirical research, medical literature, existing

3

social, economic, and political conditions, the dangerousness of certain activities, aspects of human nature, human or psychological factors, language and word usage, and many other things.") Cases involving constitutional issues often rely on legislative facts:

> Constitutional cases argued in terms of due process typically involve reliance upon legislative facts for their proper resolution. Whether a statute enacted pursuant to the police power is valid, after all, involves a twofold analysis. First, it must be determined that the enactment is designed to achieve an appropriate objective of the police power; that is, it must be designed to protect the public health, morals, safety, or general welfare. The second questions is whether, in light of the data on hand, a legislature could reasonably have adopted the means they did to achieve the aim of their exercise of the police power.

2 MCCORMICK ON EVID. § 331(8th ed.); *see also Brown v. Bd. of Ed. of Topeka, Shawnee Cty., Kan.*, 347 U.S. 483, 494 n. 11 (1954), *supplemented sub nom. Brown v. Bd. of Ed. of Topeka, Kan.*, 349 U.S. 294 (1955) (taking judicial notice of the fact that segregated schooling harmed Black Americans in a case arising under the Equal Protection Clause); *Powell v. State of Tex.*, 392 U.S. 514, 522 n. 2 (1968) (noticing medical literature viewing alcoholism as a disease in a case arising under the Eighth Amendment); *Dunn v. White*, 880 F.2d 1188, 1195 (10th Cir. 1989) (confirming that the district court could take judicial notice of the "seriousness and the potential for transmissibility of the disease AIDS" in its analysis analyzing a prisoner's Section 1983 claim). Given the constitutional issues in the present case, the presentation of legislative facts is appropriate to assist the Court in its constitutional analysis.

MLPB's proposed amicus brief, submitted with this Motion, provides the Court with up-to-date scientific background concerning the spread of COVID-19 during the current pandemic, and explains the critical importance of social distancing measures, including the eviction moratorium, in slowing the spread of COVID-19 during the pandemic. While the Defendants' affiants forcefully articulate a number of public health justifications for the eviction moratorium,

they do not include citations to the type of primary scientific sources and statistical information contained in MLPB's proposed brief. (*See, e.g.*, Affidavit of Joshua A. Barocas, MD (D.I. 30-5); Affidavit of Monica Bharel, M.D., M.P.H. (D.I. 30-7).) MLPB believes that such information will further assist the Court by providing, at a more detailed level, important scientific and economic facts underlying the public health justifications for the challenged legislation. To demonstrate the volume and weight of evidence behind the moratorium's usefulness as a social distancing measure, MLPB's proposed brief provides a large number of citations to the scientific and medical articles as well as guidance from the agencies coordinating U.S. and global responses to the pandemic, demonstrating how social distancing measures like an eviction moratorium work to protect both the general population as well as especially vulnerable populations like racial and ethnic minority groups. MLPB believes that this information – which highlights the eviction moratorium's function as an emergency public health measure – will be of assistance to the Court in considering Plaintiffs' motion for a preliminary injunction, particularly with respect to evaluating the public interest consequences of the proposed injunction. This information will also be helpful to the Court to the extent Plaintiffs convert their motion into a motion for summary judgment, as MLPB's brief provides the underlying scientific basis for the Legislature to institute such a moratorium, which is relevant to the constitutional issues presented in this case.

Accordingly, MLPB respectfully requests the Court's permission to participate as an amicus and submits its proposed amicus brief along with this Motion.

Dated: August 20, 2020　　　　　　　Respectfully submitted,

By:　*/s/ Lawrence K. Kolodney*
　　　Lawrence K. Kolodney
　　　BBO# 556851
　　　FISH & RICHARDSON P.C.
　　　One Marina Park Drive, 17th Floor
　　　Boston, MA 02210
　　　Telephone: (617) 521-7002
　　　kolodney@fr.com

　　　*Of counsel*:
　　　Kelly Allenspach Del Dotto
　　　FISH & RICHARDSON P.C.
　　　222 Delaware Avenue, 17th Floor
　　　Wilmington, DE 19801
　　　Telephone: (302) 778-8452
　　　allenspach.del.dotto@fr.com

　　　*Attorneys for MLPB*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 20, 2020.


Dated:  August 20, 2020 		*/s/  Lawrence K. Kolodney*
		Lawrence K. Kolodney
		*Attorney for MLPB*