```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

MARIE BAPTISTE,                )
MITCHELL MATORIN, and          )
JONATHAN DAPONTE,              )
     Plaintiffs,               )
                               )
          v.                   )   C.A. No. 1:20-cv-11335-MLW
                               )
MICHAEL KENNEALY, in his       )
official capacity as           )
Secretary of the Executive     )
Office of Housing and          )
Economic Development, and      )
CHARLES BAKER, in his          )
Official Capacity as Governor  )
of the Commonwealth of         )
Massachusetts,                 )
     Defendants.               )

## ORDER

WOLF, D.J.                                    August 21, 2020

It is hereby ORDERED that:

1. Essentially for the reasons explained at the August 4, 2020 hearing concerning the request of City Life/Vida Urbana, Chelsea Collaborative, Inc., Lynn United For Change, and Springfield No One Leaves to serve as amici curiae, among other things (Dkt. No. 23), see Dkt. No. 53 at 90-99, the August 20, 2020 motions of MLBP (Dkt. No. 73) and the Boston Medical Center, Children's Hospital Corporation, Health Care For All, Health Law Advocates, the Public Health Law Watch, and UMass Memorial Health Care (Dkt. No. 77) are DENIED, at least with regard to the pending motions for preliminary injunction and to dismiss or stay (Dkt.

Nos. 2, 26), the hearings on which will begin on August 24, 2020. See also Strasser v. Dooley, 432 F.2d 567, 569 (1st Cir. 1970) (stating that "a district court lacking joint consent of the parties should go slow in accepting . . . an amicus brief"); cf. Daggett v. Comm'n on Gov'tal Ethics & Election Pracs., 172 F.3d 104, 113 (1st Cir. 1999) (court may consider that "the addition of still more parties would complicate a case that badly needed to be expedited").

2. At the August 24, 2020 hearing, the court will first hear argument on defendants' motion for abstention (Dkt. No. 26) and then on the issue of whether, for the purpose of the motion for preliminary injunction (Dkt. No. 2), plaintiffs have a reasonable likelihood of success on the merits of their Contracts Clause claim, both of which are fully briefed. The court may decide these issues on August 24, 2020.

/s/ Mark P. Nay
UNITED STATES DISTRICT JUDGE