MARIE BAPTISTE, MITCHELL MATORIN, and JONATHAN DAPONTE,

        Plaintiffs,

v.

MIKE KENNEALY, in his official capacity as Secretary of the EXECUTIVE OFFICE OF HOUSING AND ECONOMIC DEVELOPMENT, and CHARLES BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts,

        Defendants.

C.A. No. 1:20-CV-11335-MLW

**JOINT REPORT CONCERNING ISSUANCE OF STATE COURT MEMORANDUM AND ORDER, SUBMITTED IN RESPONSE TO COURT'S AUGUST 5, 2020 ORDER**

In this Court's Order dated August 5, 2020 (Dckt. No. 5), the Court required that, in the event the Massachusetts Superior Court decides the preliminary injunction motion ("MPI") brought by the plaintiff parties in *Matorin v. Executive Office of Housing and Economic Development*, No. 2084-CV-1334 (the "State Court Action"), the parties "shall . . . confer[][1] and report, within two business days of the decision, concerning their respective views on the implications of that decision for how this case should proceed." (Dckt. 50, ¶ 5) A decision and memorandum on the plaintiffs' MPI in the State Court Action has issued (hereinafter, the "State Court MPI Decision"), and counsel for the parties conferred on Thursday, August 27, 2020, regarding the implications of that decision (if any) for how the instant case should proceed.

---

[1] The parties were also required to submit "forthwith" a copy of the State Court MPI Decision to this Court. They have complied with that requirement through Defendants' Status Report filed on Wednesday, August 26, 2020, which was assigned Docket No. 92.

The following presents the parties' respective positions on that issue:

## I. Plaintiffs' Position on Impact of the State Court MPI Decision.

The above-captioned Plaintiffs hereby report to the Court that they believe the State Court MPI Decision has no impact whatsoever on any claim or issue presented in this case. Because the Superior Court has denied the MPI in the State Court Action, there can be no argument that any claim presented herein has been mooted.[2] Moreover, as the Plaintiffs' counsel argued during the hearing on abstention issues, the State Court MPI Decision only dealt with claims arising out of the Massachusetts Declaration of Rights, whereas this case does not. For example, only before this Court are claims under the First Amendment and Contracts Clause of the United State Constitution. To the extent issues discussed by the Superior Court in the State Court MPI Decision overlap with certain issues presented in this Court (*i.e.*, Takings and irreparable harm), the Plaintiffs strongly disagree with the reasoning of the Superior Court, and believe that Judge Wilson gave too much deference to the State in his analysis. This Court is not bound whatsoever by a ruling of a State court trial judge on purely state constitutional issues. Accordingly, the Plaintiffs disagree with the Defendants as to whether this Court should consider the State Court MPI Decision as having any effect, persuasive or otherwise, in the instant case, and they assert that this Court should reject the State court's analysis as to any issue relevant in the instant matter.

---

[2] The Plaintiffs state that the plaintiffs in the State Court Action are considering taking up an interlocutory appeal of Judge Wilson's ruling, which would either be to the single justice of the Appeals Court or full panel of the Appeals Court. Any notice of appeal would not be due until 30 days from Judge Wilson's order. That appeal would likely not be heard and resolved for several months, at the earliest.

## II. Defendants' Position on Impact of the State Court MPI Decision.

The above-captioned Defendants agree with the Plaintiffs that there is no technical impact of the State Court MPI Decision on any proceedings pending in this Court, and they agree, specifically, that the State Court MPI Decision has not mooted any of the Plaintiffs' claims asserted in this Court. The Defendants assert, however, that the State Court MPI Decision should be considered carefully by this Court for its persuasive effect and for its observations about the purposes that are served by the Moratorium Act's provisions. The Defendants state that the reasoning set forth in the State Court MPI Decision is relevant and persuasive on the following issues:

1. The Superior Court has fully and thoroughly analyzed the merits of the takings claim asserted by the plaintiffs in the State Court Action (the "State Court Plaintiffs") under art. 10 of the Declaration of Rights, and it has done so by application of federal law under the cognate provision found in the Fifth Amendment. *See* Dckt. 92, Ex. 1 at pp. 18-29. In so doing, the Superior Court has found that the State Court Plaintiffs have not shown a reasonable likelihood of success on their takings claim brought under art. 10 of the Declaration of Rights. *See id.*, p. 29. For all the reasons articulated by Superior Court Associate Justice Wilson in the State Court MPI Decision, the same outcome is warranted here with respect to Count V of the Amended Complaint (Dckt. 58).

2. The Superior Court has also analyzed factors relevant to whether a preliminary injunction should issue that are wholly consistent with federal-law preliminary-injunction standards. Specifically, Justice Wilson has determined that "even if Plaintiffs had established a likelihood of success on the merits, their injunction request would founder on the requirement of irreparable harm." *Id.* at p. 32. Justice Wilson has also determined that "[i]n

balancing the relevant interests, any harm to Plaintiffs by a temporary disruption of evictions for non-payment of rent is far outweighed by the potential harm to the Commonwealth and the public of enjoining the operation of the Eviction Moratorium Law." *Id.* at p. 33. The Defendants respectfully suggest that this Court should carefully consider, for its persuasive effect, the reasoning set forth in the State Court MPI Decision at pp. 29-33 with respect to the preliminary injunction factors related to irreparable harm and balancing of public and private interests.

        3.      Although the Defendants recognize that the claim in the State Court Action with respect to the right of access to the Courts under art. 11 of the Declaration of Rights presented an issue of state law, the Defendants respectfully suggest that the reasoning set forth on pages 15-18 of the State Court MPI Decision is relevant to and should be considered in connection with the instant Plaintiffs' Count I, which is brought under the Petition Clause of the U.S. Constitution, which Plaintiffs state is premised upon an alleged denial of their "right of access to the courts." *See* Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction (Dckt. 6) p. 11..

        4.      Finally, the Defendants assert that this Court should review the background and facts asserted on pp. 2-7 of the State Court MPI Decision as establishing, at least for preliminary purposes, certain legislative facts that may be helpful to the Court in the instant matter.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Jennifer E. Greaney*
Jennifer E. Greaney (BBO No. 643337)
*Assistant Attorney General*
Pierce O. Cray (BBO No. 104630)
*Senior Appellate Counsel*
Richard S. Weitzel (BBO No. 630303)
*Assistant Attorney General*
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2981/2022/2084
Jennifer.Greaney@mass.gov
Pierce.Cray@mass.gov
Richard.Weitzel@mass.gov

                                         Respectfully submitted,
                                         **Marie Baptiste and Mitchell Matorin**,
                                         By their attorneys,


                                         /s/ Richard D. Vetstein
                                         Richard D. Vetstein BBO# 637681
                                         Vetstein Law Group
                                         945 Concord Street
                                         Framingham, MA 01701
                                         Phone: (508) 620-5352
                                         Fax: (888) 448-1344
                                         Email: rvetstein@vetsteinlawgroup.com


                                         /s/ Jordana R. Greenman
                                         Jordana R. Greenman, Esq, BBO# 667842
                                         134 Main Street
                                         Watertown, MA 02472
                                         Phone: (617) 379-6669
                                         Fax: (617) 379-6669
                                         Email: jordana@jrglegal.com

Dated:  August 28, 2020

## **CERTIFICATE OF SERVICE**

      I certify that this document, filed through the Court's ECF system will be sent electronically on this day to registered participants as identified on the Notice of Electronic Filing (NEF).

                                              */s/ Jennifer E. Greaney*
                                              Jennifer E. Greaney
                                              Assistant Attorney General

DATED: August 28, 2020