# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE BAPTISTE, MITCHELL MATORIN, and JONATHAN DAPONTE,<br><br>                          Plaintiffs,<br>      v.<br><br>MIKE KENNEALY, in his official capacity as Secretary of the EXECUTIVE OFFICE OF HOUSING AND ECONOMIC DEVELOPMENT, and CHARLES BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts,<br><br>                          Defendants. | C.A. No. 1:20-CV-11335-MLW |

## JOINT REPORT IN RESPONSE TO COURT'S AUGUST 26, 2020 ORDER

This Court's Order dated August 26, 2020 (Dckt. 91) required the parties to confer and report, "jointly if possible," as to two topics, which are addressed in Parts I and II below.

**I.    Possible Settlement or Mediation.**

In a telephone conference held on Friday, August 28, 2020, as required by ¶ 1 of the Court's Order dated August 26, 2020, counsel for all parties discussed in good faith whether settlement or mediation may be possible in this case. Counsel concluded after discussion that neither settlement nor mediation is a realistic or viable option for resolving this case at this time. In particular, counsel for the Defendants reiterated the inherent difficulty that exists in any attempt to resolve by agreement a constitutional challenge to a duly enacted Massachusetts statute, even if the Defendants were to have reservations about the constitutionality of the legislative act in question—which is not the case here. *Cf. National Rev. Corp. v. Violet*, 807 F.2d 285, 288 (1st Cir. 1986) ("For an attorney general to stipulate than an act of the legislature

1

is unconstitutional is a clear confusion of the three branches of government; it is the judicial branch, not the executive, that may reject legislation. . . . An attorney general can have no authority to be the binding determiner that legislation is unconstitutional."). Counsel for the Plaintiffs understood and agreed that settlement is not a realistic option at this time. All counsel also agreed that, under the circumstances and the existing constraints with respect to the possibility of settlement, it would not be a productive use of the parties' time and resources to engage in mediation at this time.

II. **How the Case May Proceed Following Resolution of Pending Motion for Preliminary Injunction.**

The Court's Order dated August 26, 2020 (Dckt. 91) also required, at ¶ 1, that counsel for the parties discuss and report to the Court regarding "how they propose the case proceed following the resolution of plaintiffs' Motion for Preliminary Injunction." The parties discussed the possibilities for proceeding with this case after resolution of the motion for preliminary injunction (Dckt. 2) ("MPI") in two different scenarios: (A) where the MPI is allowed; and (B) where the MPI is denied.

A. **Where the MPI is Allowed.**

In the event that the MPI were allowed, the Defendants would immediately review the viability of a (1) a motion for stay of the order allowing the motion and/or of the case in its entirety and (2) an interlocutory appeal. In the event that the MPI were allowed and the case were not stayed pending an interlocutory appeal, the Defendants would, first, consider whether the issues remaining in the case could be narrowed through any available dispositive motion, such as a motion brought under Fed. R. Civ. P. 56. For example, if the Court were to find that the Plaintiffs lack a likelihood of success on the merits of any particular count or counts, the

Court's legal rulings might give rise to a dispositive motion as to certain legal issues that are not dependent on any factual dispute.[1] Once the issues have thus been narrowed to the extent possible on available legal grounds, the parties would likely request a scheduling conference to consider how the remaining legal and factual issues might best be resolved. The parties discussed that, in the event there are facts in dispute that require a trial, certain issues could potentially be tried on a "case stated" basis upon the submission of affidavits, rather than by calling live witnesses. *See TLT Constr. Corp. v. RI, Inc.*, 484 F.3d 130, 135, n.6 (1st Cir. 2007). The Plaintiffs acknowledge, however, that, if an injunction issues, and unless that injunction is stayed pending appeal, the Plaintiffs will likely have little incentive to push forward with an expedited trial, considering that all issues presented in this case could be mooted in the event that the eviction moratorium expires on October 17, 2020 at 11:59 p.m. and is not further extended by Governor Baker. The Defendants, in the event an injunction issues, would be focused more on seeking to reverse entry of that order in the First Circuit, given its immediate impact, rather than on attempting to obtain final resolution of any remaining legal or factual issues.

    **B.** **<u>Where the MPI is Denied</u>.**

In the event that the MPI is denied, the Plaintiffs will immediately consider the viability of an interlocutory appeal. In the event that the MPI were denied and the case were not stayed pending an interlocutory appeal, the Defendants would, first, consider whether the issues remaining in the case could be narrowed through any available dispositive motion, such as a

---

[1] Additionally, the issue of severability might be joined in the case were the Court to decide that the Plaintiffs have shown a reasonable likelihood of success on the merits of Count II only, and were to issue an injunction on that basis alone. Moreover, the Defendants maintain that, were the Court to decide that the Plaintiffs have shown a reasonable likelihood of success on Count III only, no occasion for enjoining enforcement of the Moratorium Act (as opposed to the Regulations) would be presented. Were the Plaintiffs to disagree on this latter point, that would be an issue that would need to be briefed as well.

motion brought under Fed. R. 56.  For example, if the Court were to deny the MPI in its entirety by finding that the Plaintiffs lack a likelihood of success on the merits of the case on all of their Counts I-V, the Court's legal rulings could give rise to a dispositive motion as to legal issues that are not dependent on any factual dispute.  Once the issues have been narrowed to the extent possible on available legal grounds, the parties would likely request a scheduling conference to consider how the remaining legal and factual issues might best be resolved.  The parties discussed that, in the event there are facts in dispute that require a trial, certain issues possibly could be tried on a "case stated" basis upon the submission of affidavits, rather than by calling live witnesses.

### III. Proposal for Status Conference One Week After Decision on MPI and Motion to Dismiss.

The parties all state that they will be unable to fully assess all their procedural and substantive options in proceeding to a final resolution of this case unless and until this Court has ruled on the motions that are now pending before it – specifically, the MPI and the Defendants' motion to dismiss Counts II, III, and V ("MTD") (Dckt. 26 & 69).  In particular, resolution of those motions will better inform the parties as to which factual areas are ones of adjudicative fact subject to the normal workings of the Federal Rules of Civil Procedure, and which are ones of legislative fact not subject to those Rules.  Accordingly, the parties jointly propose and request that the Court order the parties to engage with the Court in a conference pursuant to Fed. R. Civ. P. 16 on a mutually convenient date that is approximately one week after the Court's issuance of a decision on the MPI and the MTD (or, if both motions are not resolved simultaneously, after issuance of the later of the two).  This procedure would provide the parties with sufficient time to

fully consider their various procedural and substantive options once they have had the benefit of the Court's decisions on the pending motions.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Jennifer E. Greaney*
Jennifer E. Greaney (BBO No. 643337)
*Assistant Attorney General*
Pierce O. Cray (BBO No. 104630)
*Senior Appellate Counsel*
Richard S. Weitzel (BBO No. 630303)
*Assistant Attorney General*
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2981/2022/2084
Jennifer.Greaney@mass.gov
Pierce.Cray@mass.gov
Richard.Weitzel@mass.gov

        Respectfully submitted,
        **Marie Baptiste and Mitchell Matorin**,
        By their attorneys,

        /s/ Richard D. Vetstein
        Richard D. Vetstein BBO# 637681
        Vetstein Law Group
        945 Concord Street
        Framingham, MA 01701
        Phone: (508) 620-5352
        Fax: (888) 448-1344
        Email: rvetstein@vetsteinlawgroup.com

        /s/ Jordana R. Greenman
        Jordana R. Greenman, Esq, BBO# 667842
        134 Main Street
        Watertown, MA 02472
        Phone: (617) 379-6669
        Fax: (617) 379-6669
        Email: jordana@jrglegal.com
        Dated: August 31, 2020

## **CERTIFICATE OF SERVICE**

       I certify that this document, filed through the Court's ECF system will be sent electronically on this day to registered participants as identified on the Notice of Electronic Filing (NEF).

                                            */s/ Jennifer E. Greaney*
                                            Jennifer E. Greaney
                                            Assistant Attorney General

DATED: August 31, 2020