UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIE BAPTISTE, MITCHELL MATORIN and JONATHAN DAPONTE<br><br>Plaintiffs,<br><br>v.<br><br>MIKE KENNEALY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE EXECUTIVE OFFICE OF HOUSING AND ECONOMIC DEVELOPMENT, and CHARLES BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts<br><br>Defendants. | C.A. No. 1:20-cv-11335 |

**PLAINTIFFS' MOTION TO STRIKE SECTIONS II AND III OF DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO MOTION FOR PRELIMINARY INJUNCTION
<u>OR, IN THE ALTERNATIVE FOR LEAVE TO FILE RESPONSE THERETO</u>**

Plaintiffs respectfully move that the Court strike Sections II and III of Defendants' Supplemental Memorandum in Opposition to Motion for Preliminary Injunction (Dkt. 114) ("Supplemental Brief") because it exceeds the limited scope of the Court's leave to file additional briefing, and raises brand new arguments which could have been raised previously in the principal briefing. In the alternative, Plaintiffs request the opportunity to file a response to the Supplemental Brief. In support of this Motion, the Plaintiffs state as follows:

1. As the Court is very aware, the parties have filed voluminous and exhausting briefing in this case. The parties have submitted memoranda, oppositions and reply briefs on the merits of not one but two Motions to Dismiss filed by Defendants, including one that raised complex issues of abstention, as well as extensive briefing on the merits of Plaintiffs' Motion for

1

Preliminary Injunction. As to the latter, Defendants filed both an opposition brief and a sur-reply brief. (Dkt. 30, 67, and 72). Notably, although Plaintiffs did not move to strike Defendants' sur-reply and did not seek leave to respond to it, that sur-reply inappropriately raised new arguments that were not in response to new arguments made in Plaintiffs' reply brief.[1]

2. As the Court is also aware in the immediate run-up to the extended oral arguments held on September 1 and 2, 2020, the Court *sua sponte* issued three orders, on August 31, September 1, and September 2, that asked the parties to consider certain new issues and to be prepared to argue those issues on September 1 and 2. *See* Dkt. 97 (Aug. 31, 2020); Dkt. 98 (Sept. 1, 2020); Dkt. 111 (Sept. 2, 2020). The first order (Dkt. 97) concerned the constitutional basis and applicable standard of review for Plaintiffs' Right to Petition claim (Count I) of the Amended Complaint, specifically in light of five federal court decisions.[2] The second order (Dkt. 98) concerned the implications for Plaintiffs' Right to Petition claim of two additional cases.[3] The third order (Dkt. 111) concerned the implications for Plaintiffs' Compelled Speech claim (Count III) of the discussions of severability in two cases,[4] and also of the impact on this case of the Agency Order of the Centers for Disease Control and Prevention and the Department of Health and Human Services, "Temporary Halt in Residential Evictions to Prevent the Further

---

[1] *See* Dkt. 72, Section B ("A Landowner's Right to Possession is Not 'Constitutional' or 'Fundamental.'"; Section D ("No Injunction Is Available Under the Supreme Court's *Knick* Decision."

[2] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 394 (2011); *NAACP v. Button*, 371 U.S. 415, 437-38 (1963); *Sosna v. Iowa*, 419 U.S. 393, 406, 410 (1975); *Ad Hoc Comm. on Judicial Admin. v. Massachusetts*, 488 F.2d 1241, 1243-44 (1st Cir. 1974).

[3] *Zablocki v. Redhail*, 434 U.S. 374, 387 n. 12 (1978); *Lyng v. Castillo*, 477 U.S. 635, 638 (1986).

[4] *K-Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 294 (1988); *Carlson v. Postal Regulatory Comm'n*, 938 F.3d 337, 351-52 (D.C. Cir. 2019).

Spread of COVID-19," 85 Fed. Reg. -- , Fed. Reg. Doc. No. 2020-19654 (forthcoming Sept. 4, 2020), http://federalregister.gov/d/2020-19654 (Dkt. No. 110-1) ("CDC Order").  In addition, during the hearing on September 1, the Court raised additional questions about the constitutional source of and appropriate standard of review for Plaintiffs' Right to Petition claim, specifically in light of the Court's reading of Professor Chemerinsky's *Casebook on Constitutional Law* (5th ed. 2017).

3. At the conclusion of the hearing on September 2, 2020, the Court expressly allowed both parties to file any supplemental brief that they felt would be helpful given the speed with which the Court had issued the three orders and the discussion of the Chemerinsky treatise that the parties had not received any prior notice of.  The Court emphasized, however, that any supplemental briefing should be limited only to "*new*" matters arising out of the three orders and the Chemerinsky discussion, because the parties had already had more than ample opportunity to fully brief all of the issues in the case other than the new matters that the Court had raised *sua sponte*.  The Court noted the urgency of this case and reiterated that any supplemental briefing should be limited to the new matters that had come up in the three orders and at the hearing on September 2.  The Court gave the parties until yesterday September 3, 2020 to file any such supplemental briefs, with the understanding that the Court has other commitments and a tremendous amount of work to do before it can issue its decision in this case, which it anticipates doing by next Wednesday, September 9, 2020.

4. In accordance with the Court's instructions, Plaintiffs submitted supplemental briefs that focused exclusively on the new matters, divided into two briefs.  The first focused on the Court's discussion of the Chemerinsky treatise and the general issue of the constitutional basis and applicable standard of review for Plaintiffs' Right to Petition claim, with a related

section discussing the impact of the CDC Order on the Court's review. (Dkt. 115). The second focused on the impact of the CDC Order on the Court's consideration of the case and on the Commonwealth's justification for the Moratorium Act. (Dkt. 116).

5. The Commonwealth, on the other hand, filed a supplemental brief containing three sections. The first section properly addressed the new severability issue that the Court had raised in its September 1, 2020 Order. (Dkt. 97 at 1-5.). However, the second and third sections do not comply with the Court's instructions and instead raise new arguments that have nothing to do with the new matters that the Court raised. Inappropriately, the Defendants have made new substantive arguments in opposition to Plaintiffs' Motion for Preliminary Injunction that the Commonwealth had the full opportunity to raise previously, either in its opposition to Plaintiffs' motion (Dkt. 30) or in its sur-reply that itself improperly raised new issues. (Dkt. 72).

6. Specifically, Section II of Defendants' supplemental brief, entitled *First Circuit Precedent Demonstrates that the Petition Clause Is Not In Fact Implicated in This Case*, repeats and further develops an argument that Defendants <u>have already made twice before</u>, namely, that the Legislature is free to remove statutory rights without violating the Petition Clause. *See* Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 30 at 12-13); Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 72 at 10-12.) In fact, Defendants cited the very same cases in those briefs as they do in their supplemental brief, including *Christopher v. Harbury*, 536 U.S. 403 (2002), which the Court asked the parties to address in its August 31, 2020 order. More specifically, Defendants' supplemental brief quotes the <u>exact same sentence</u> from *Christopher* as it relied on in its Opposition to Plaintiffs' Motion for Preliminary Injunction in the course of repeating its prior arguments. It is thus readily apparent that rather than comply with the Court's invitation to

4

submit supplemental briefs limited to "new" matters that had arisen, the Commonwealth is instead seizing the opportunity of the Court's raising of the *Christopher v. Harbury* case to repeat and further expand arguments that the Commonwealth has already made twice before. The purpose of a reply brief is not to raise new arguments which could have been raised in the principal briefs. *Willis v. Brown Univ.*, 184 F.3d 20, 27 (1st Cir. 1999); *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp.2d 298, 349 (D. Mass. 2010). The Defendants have violated this rule, which is especially egregious since the briefing in this case has been more than exhaustive. There must be an end to the endless briefing in this case. Section II of the Defendants' Supplemental Brief should be stricken and disregarded by this Court.

7. The Defendants have likewise raised a brand new substantive argument in Section III of the Commonwealth's supplemental brief, arguing that *A 'Notice to Quit' Is a Notice that Tells a Tenant to Quit.* (Dkt. 114 at 9-10.). Again, the Defendants were free to raise this new argument several weeks ago during the principal round of briefing. Certainly, the legal import of a notice to quit is not a new issue in this case. Indeed, the Defendants originally argued that a Notice to Quit was merely a "verbal act," which garnered zero First Amendment protection. (Dkt. 70, pg. 6-8). Now, under the guise of purported "clarification," the Defendants wish to raise the substantive argument that a notice to quit must state that a tenant must vacate. The Plaintiffs dispute this assertion. After all, the Supreme Judicial Court has held that a notice to quit for non-payment of rent does not require that a tenant vacate the premises, so by logical extension, there should be no requirement for a firm move out date – it is superfluous. *See Adjartey v. Central Div. of Hous. Court Dept.*, 481 Mass. 830, 850 (2019). Moreover, the Act's prohibition on notices is not limited to 14 day notices to quit for non-payment of rent. The Act provides that "a landlord or owner of a property shall not, for the purposes of a non-essential

5

eviction for a residential dwelling unit: (i) terminate a tenancy…" This provision encompasses every single type of notice of termination of a lease or a notice terminating a tenancy at will or sufferance, not just a 14 day notice to quit for non-payment of rent. Every notice to terminate a lease is dependent on the specific notice and default provisions contained in a particular residential lease. There are all types of such notices, with different verbiage. The whole point of this exercise is that the Plaintiffs should not be in the position of having to respond to new substantive arguments after briefing has been completed and this Court has concluded oral argument. For the same reasons cited above, this Court should strike or disregard Section III of the Defendants' Supplemental Brief.

WHEREFORE, the Plaintiffs move that this Court strike Sections II and III of the Defendants' Supplemental Memorandum in Opposition to Motion for Preliminary Injunction (Dkt. 114)

Respectfully submitted,

**MARIE BAPTISTE,**
**MITCHELL MATORIN, and**
**JOHN DAPONTE**

By their attorneys:

/s/ Richard D. Vetstein
Richard D. Vetstein
Vetstein Law Group, P.C.
945 Concord St
Framingham, MA 01702
Phone: (508) 620-5352
Fax: (888) 448-1344
Email: rvetstein@vetsteinlawgroup.com

/s/ Jordana R. Greenman
Jordana R. Greenman, Esq. (BBO# 667842)
134 Main Street

Watertown, MA 02472
Tel: (617) 379-6669
Fax: (617) 379-6669
Email: jordana@jrglegal.com

Dated: September 3, 2020

### Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 3, 2020.

/s/ Richard D. Vetstein